UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEWIS JABARI MARTIN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CYNTHIA STEWART and THE ) <br> ATTORNEY GENERAL OF THE ) <br> STATE OF ALABAMA, ) <br> ) <br> Respondents. ) | Case No.: 2:19-cv-0214-MHH-JHE |

**MEMORANDUM OPINION**

In this habeas proceeding, Mr. Martin seeks relief from his state court conviction for first-degree rape. On November 8, 2019, the magistrate judge entered a report in which he recommended that the Court dismiss Mr. Martin's petition for writ of habeas corpus with prejudice because the petition is untimely. (Doc. 12). Mr. Martin filed objections to the report and recommendation. (Doc. 13).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* A district court reviews for plain error proposed factual findings to which no objection is made, and a district court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d

776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

In his objections, Mr. Martin argues that the one-year statute of limitations should not bar his habeas petition because he is actually innocent of the crime for which he was convicted. (Doc. 13). Mr. Martin contends that no jury acting reasonably would have convicted him had the jury known that one of the prosecution witnesses lied and had the jury had before it evidence that the prosecution purportedly suppressed.[1] Mr. Martin also argues that his attorney was ineffective for failing to conduct a pre-trial investigation and to develop trial testimony that would support his defense. (Doc. 1, p. 3).

The United States Supreme Court has held that actual innocence, if proven, allows a habeas petitioner to proceed with his petition despite the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To establish actual innocence, a petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). And a petitioner must establish that "in light of the new evidence,

---

[1] In his objections, Mr. Martin initially states that two witnesses lied, (Doc. 13, p. 1), but he focuses his discussion on the testimony of one witness, (Doc. 13, p. 2). The second witness who purportedly lied is a chain of custody witness relating to rape kit evidence. (Doc. 11, pp. 4-5).

no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

Mr. Martin has not established his actual innocence under the *McQuiggin* standard because he has not identified "new reliable evidence" that was not available to him during trial and that would have prevented jurors, acting reasonably, from finding him guilty. *Schlup*, 513 U.S. at 324; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"). In his submission to the magistrate judge, Mr. Martin stated that he did not know that the prosecution witness lied until September 2017, nine years after his 2008 conviction. (Doc. 11, p. 2; Doc. 12, p. 1). This witness testified that there was a bloody crime scene. (Doc. 4-4, p. 3; Doc. 11, pp. 2, 5). Mr. Martin contends that the prosecution withheld evidence that the victim's body and clothing "had no dried blood or debris." (Doc. 11, p. 2).[2] That evidence, Mr. Martin argues, would have undermined the inference of forcible compulsion that jurors reached based on the purportedly false testimony. (Doc. 11, p. 2). Mr. Martin also has offered affidavits from two relatives who assert that they are witnesses and are willing to testify on Mr. Martin's behalf. (Doc. 11, pp. 10-12).

---

[2] As the magistrate judge pointed out, in his submission to the magistrate judge, Mr. Martin cited a page from the trial transcript which suggests that the jury heard evidence that "the victim's body and clothing had no dried blood or debris." (Doc. 11, p. 2) (citing "Tr. 23"); (*see* Doc. 12, p. 6 n. 2).

3

Mr. Martin has not demonstrated that even if the Court deems the evidence on which he relies "new" and accepts the significance of the physical evidence (the victim's clothing) and the testimony that Mr. Martin believes new witnesses would provide, no reasonable juror would convict him of first-degree rape. The Court does not have before it the transcript from Mr. Martin's trial, so the Court does not know the full scope of the evidence presented at trial. But the physical evidence and the testimony from Mr. Martin's new witnesses, at best, would give rise to credibility arguments concerning the testimony of one prosecution witness whose testimony indicates that the rape at issue was forcible.[3] The record before the Court indicates that in addition to that witness, the Government called three other witnesses whose testimony provides evidence of forcible rape: the victim who testified that she was "hurting after the incident," a deputy sheriff who spoke to the victim at the hospital and testified that the victim "appeared to be scared and hurting," and the nurse who examined the victim at the hospital and testified that there was evidence of force including "abrasions or redness in the genital area." (Doc. 44, pp. 3-4). The trial evidence also included DNA evidence from a rape kit. (Doc. 4, p. 6; Doc. 4-4, p. 4).

---

[3] Generally, this type of impeachment evidence is not sufficient to establish actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 563 (1998) (stating that newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) ("This sort of latter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [the witness's] account of petitioner's actions.").

Though Mr. Martin objects to the admissibility of the rape kit evidence based on chain of custody arguments, he has not demonstrated that the DNA evidence is inaccurate.

Thus, on the record before the Court, Mr. Martin has not demonstrated that no reasonable jury would find him guilty of forcible rape. And he has not demonstrated that he actually is innocent of forcible rape. As the magistrate judge explained, legal innocence will not open the door to consideration of an untimely habeas petition; only actual, factual innocence opens the door. *Bousley v. United States*, 523 U.S. 614, 623 (1988) ("'actual innocence'" means factual innocence, not mere legal insufficiency"). Therefore, Mr. Martin is not entitled to equitable tolling of the statute of limitations, and his petition is time-barred.

Accordingly, the Court overrules Mr. Martin's objections, adopts the report of the magistrate judge, and accepts the recommendation from the magistrate judge. The Court will dismiss Mr. Martin's petition as time-barred. The Court will not issue a certificate of appealability, but Mr. Martin may request a certificate of appealability from the Eleventh Circuit Court of Appeals. Fed. R. App. P. 22(b)(1); Rule 11 of the Rules Governing Proceedings under 28 U.S.C. § 2254.

The Court will enter a separate final judgment.

**DONE** this 7th day of January, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE